FILED

NOV 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALTER TRIPP,

                Plaintiff-Appellant,

v.

CONNIE BISBEE; et al.,

                Defendants-Appellees.

No.  15-17365

D.C. No. 3:15-cv-00030-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Walter Tripp, a Nevada state prisoner, appeals pro se from the district

court's order denying his motion to reconsider the district court's judgment in his

42 U.S.C. § 1983 action alleging that defendants violated his equal protection

rights in connection with parole hearings.  We review for an abuse of discretion a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's denial of a motion for reconsideration under Fed. R. Civ. P. 60(b). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We reverse and remand.

The district court dismissed Tripp's action because it concluded that defendants, who are parole board members, were entitled to absolute quasi-judicial immunity. However, while defendants are immune from suit for damages, because Tripp sought only injunctive and declaratory relief, defendants were not entitled to immunity. *See Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013) (absolute immunity does not bar injunctive relief claim against parole unit supervisor); *Buckwalter v. Nev. Bd. of Med. Exam'rs,* 678 F.3d 737, 747 (9th Cir. 2012) ("Absolute immunity is not a bar to injunctive or declaratory relief.").

The district court also dismissed Tripp's action because it concluded that, to the extent Tripp is attempting to challenge the fact or duration of his imprisonment, Tripp's remedy is a writ of habeas corpus. However, because Tripp sought a new parole hearing and not immediate or speedier release, success in this action would not necessarily demonstrate the invalidity of Tripp's continued confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (allowing procedural challenges to parole hearings because the injunctive and declaratory relief that plaintiffs sought under § 1983 "*would not necessarily* spell immediate or

speedier release").

Accordingly, we reverse the district court's denial of the motion for reconsideration, and remand for further proceedings consistent with this disposition. We express no opinion on the merits of Tripp's claims or his entitlement to the relief sought.

We lack jurisdiction to consider Tripp's contentions regarding the order dismissing his complaint without leave to amend because the operative notice of appeal was timely only as to the denial of his Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from"); Fed. R. App. P. 4(a)(4)(A) (tolling requirements). In addition, we do not consider Tripp's arguments regarding his motion to amend the complaint because the motion was filed after judgment was entered.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**